UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DARWIN ALEXANDER GARCIA GOMEZ )
 and all others similarly situated under 29 )
U.S.C. 216(b), )
 )
              Plaintiff, )
  vs. )
 )
CACERES INTERIOR PARTITIONS, INC, )
JORGE E. CACERES )
 )
             Defendant. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS,**

Plaintiff, DARWIN ALEXANDER GARCIA GOMEZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendant, CACERES INTERIOR PARTITIONS, INC, and JORGE E. CACERES and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami County, Florida at the time that this dispute arose.

3. The Defendant, CACERES INTERIOR PARTITIONS, INC, is a corporation that regularly transacts business within the Southern District of Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The Defendant, JORGE E. CACERES, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant

time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who has not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendant as a finisher of interior construction from on or about May, 2017 through on or about September 20, 2018.

10. Plaintiff's duties included acting as a finisher of interior construction sheetrock drywall worker, smoothing the interior walls of buildings during construction. As a finisher of

interior construction worker, Plaintiff's job duties required Plaintiff to work with a Motorola walkie talkie, Durabond, paper tape, sandpaper, spatulas, spackle and other tools of the trade.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods included, but were not limited to, tools and materials that were coming and going out of Florida, that Plaintiff used said foreign equipment and material on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job and moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12. Additionally, Defendant regularly employed two or more employees for the relevant time period, who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2017, and 2018.

14. Upon information and belief, the Defendant Corporations' gross sales or business is expected to exceed $500,000 for the year 2019.

15. Between the period of on or about May 1, 2017 through on or about August 31, 2018,

Plaintiff worked an average of 58 hours of per week for Defendant and was paid an average of $19 per hour but was not paid the half-time overtime rate for the hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate based upon the applicable minimum wage for the hours worked above 40 in a week.

16. Between the period of on or about September 1, 2018 through on or about September 20, 2018, Plaintiff worked an average of 58 hours a week for Defendants and was paid an average of $19 per hour but was not paid the extra time and a half rate for the hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about September 1, 2018 through on or about September 20, 2018, Plaintiff worked an average of 40 regular (non-overtime) hours a week for Defendants and was not compensated an average wage of $19 per hour as required by the Fair Labor Standards Act. Plaintiff therefore claims the uncompensated rate for each hour worked.

18. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the wage and overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant

or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

          Respectfully Submitted,

          J.H. Zidell, Esq.
          J.H. Zidell, P.A.
          Attorney For Plaintiff
          300 71st Street, Suite 605
          Miami Beach, Florida 33141
          Tel: (305) 865-6766
          Fax: (305) 865-7167
          Email: ZABOGADO@AOL.COM

          By:\_\_/s/ J.H. Zidell_____
              J.H. Zidell, Esq.
            Florida Bar Number: 0010121